GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* GONZÁLEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for Partition.

No. 2647.—Decided June 20, 1922.

PARTITION—COMMUNITY PROPERTY—RECORD OF TITLE.—It is not an indispensable requisite that the hereditary title should be recorded in order that some of the heirs may bring an action against others for a division of the community.

NONSUIT.—In ruling on a motion for nonsuit the court does not weigh the evidence, but only decides whether the plaintiff has made out a *prima facie* case.

The facts are stated in the opinion.

*Mr. F. González* for the appellants.

*Mr. F. Cervoni* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit for partition of a piece of property consisting principally of a house which the complainants alleged was indivisible. At the trial the defendant presented a motion for a nonsuit which the court entertained, rendering judgment for the defendant.

The appellants are right when they maintain that the court was in error in holding that complainants and defendant were not the sole owners of the land. The complainants and the defendant obtained a declaration of heirship in 1917. They were declared the universal heirs of Valeriana Franquis y Ramos and as such succeeded to all her rights from the instant of her death. Civil Code sections 664 and 665. *Velilla* v. *Velilla,* 17 P. R. R. 1074. The said Valeriana Franquis was the owner of the land in question. It appears to be the sole piece of land left by the ancestor and therefore can not be apportioned among the heirs as happens perhaps when there are various pieces.

The court seemed to think that before a division could be made the title of these heirs should have been recorded in the registry of property. We quite agree with appellants that, given the record in the name of the ancestor, the heirs would have been entitled to a record and so would any purchaser from them. But we more particularly agree that in a partition of land the registry plays no necessary role. A partition of property may take place without the property being recorded, and recorded property may be divided among heirs without the necessity of their heirship's being recorded in the registry. All sorts of acts with regard to real estate can be performed without necessity for the intervention of the registry, and partition is one of them. The lack of the possibility of record, if true, was no obstacle to the partition suit before us.

Where there are a number of heirs, and here there are

four or five, it will rarely happen that a house can be conveniently divided among them. Therefore ordinarily when there is a conflict among heirs, it would not require strong proof to show the necessity of a division. At the trial an expert gave evidence, perhaps not very strong, tending to show that the house was indivisible. Also the mother of the complainants showed that she offered to sell the shares of. the infant complainants to the defendant who apparently has title to half of the property. The defendant is a daughter and the complainants are children of a deceased son. While the proof was not very strong, it was sufficient to prevent a judgment of nonsuit. On a motion for nonsuit the court does not weigh the evidence, but decides whether there is any evidence to support the complaint. Moreover, section 407 of the Civil Code provides:

"Section 407.—No part-owner shall be obliged to remain a part to the common ownership. Each of them may, at any time, demand the division of the thing held in common.

"Nevertheless, the stipulation of keeping the thing undivided, for a stated period of time, not exceeding ten years, shall be valid. This term may be extended by a new agreement."

It would appear that co-tenants have a right to a division unless some one shows reasons to the contrary; and this is so whether the property is divisible in kind or not.

The complainants suggested a view of the property which was quite a reasonable suggestion. We find that there was sufficient evidence to go on with the trial. The judgment must be reversed and the case sent back for a new trial or other proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.